Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| BOY RACER, INC., <br><br> Plaintiff, <br> v. <br><br> PHILIP WILLIAMSON, <br><br> Defendant(s). | No. C-11-03072 MCE (KJN) <br><br> **JOINT CASE MANAGEMENT CONFERENCE REPORT AND RULE 26(f) DISCOVERY PLAN** |

**JOINT CASE MANAGEMENT CONFERENCE REPORT AND
RULE 26(f) DISCOVERY PLAN**

Plaintiff Boy Racer, Inc. (hereinafter "Plaintiff") and Defendant Philip Williamson (hereinafter "Defendant"), hereby submit this Joint Case Management Conference Report and Rule 26(f) Discovery Plan pursuant to the Court's Order Requiring Joint Status Report (ECF No. 6), and the Federal Rules of Civil Procedure ("FRCP"), Rule 26(f).

**(a) Brief Summary of the Claims:**

Plaintiff is an organization that holds the copyrights to certain adult entertainment content. Defendant is the admitted copyright infringer.

Plaintiff alleges that Defendant, without authorization, used an online Peer-to-Peer media distribution system (specifically, the BitTorrent protocol) to download Plaintiff's copyrighted works and distribute Plaintiff's copyrighted works to the public, including making Plaintiff's copyrighted

works available for distribution to others. Defendant admits to this. Plaintiff further alleges that Defendant acted in concert with other individuals to download a multitude of Plaintiff's copyrighted works via the BitTorrent protocol. Defendant admits to this. Currently, the identities of Defendant's joint tortfeasors are unknown because they, including Defendant, all operated under the cover of a network address when they joined a common BitTorrent swarm composed of fellow infringers, and downloaded the same exact files and unlawfully distributed Plaintiff's copyrighted works amongst one another. Defendant admits to this.

Due to the quasi-anonymous fashion in which Defendant's joint tortfeasors conducted themselves online, Plaintiff is only aware of the joint tortfeasors' Internet Protocol ("IP") addresses but unaware of joint tortfeasors' actual identifying information—including their names, addresses, telephones, and Media Access Control ("MAC") information. While Defendant has admitted his liability the amount of damages caused by Defendant is an open question. Plaintiff will need to ascertain the identities of Defendant's joint tortfeasors to answer this question.

**(b) Status of Service:**

Plaintiff has served Defendant.

**(c) Possible Joinder:**

Plaintiff has no intention to join parties at this time. Once Plaintiff establishes the identities of Defendant's co-conspirators, Plaintiff will reevaluate this posture.

**(d) Contemplated Amendments to the Pleadings:**

Plaintiff has already amended the Complaint to name Defendant, and has no present plans to seek leave to further amend its Complaint.

**(e) Statutory Basis for Jurisdiction and Venue:**

As alleged in Plaintiff's Complaint (ECF No. 1 ¶ 6), and uncontested by Defendant, this Court has federal subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (commonly referred to as "the Copyright Act"), 28 U.S.C. § 1331 (granting federal courts federal question jurisdiction over civil actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (granting federal courts original jurisdiction over any Congressional acts

relating to copyrights). This Court has supplemental jurisdiction over the civil conspiracy claim under 28 U.S.C. § 1367(a) because it is directly related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, such that the two claims form part of the same case and controversy under Article III of the United States Constitution.

Further, Defendant does not contest the fact that this Court has personal jurisdiction over him because he resides and committed copyright infringement in the State of California. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendant resides in this District.

**(f) Anticipated Discovery and Scheduling:**

(1) <u>Changes to Time, Form, or Requirements for Disclosure under Rule 26(a):</u>

Parties have no suggested changes to the time, form, or requirements for disclosure other than noting that Plaintiff intends to move for the discovery of Defendant's joint tortfeasors' identifying information. This motion is unopposed by Defendant. Should that motion be granted, Plaintiff reserves the right to update its Rule 26(a) Disclosures to Defendant, depending on the information Plaintiff receives. Plaintiff has already given Defendant its initial disclosures. Defendant is preparing his initial disclosures.

(2) <u>Subjects on Which Discovery May be Needed; When Discovery Should be Completed; Whether Discovery Should be Conducted in Phases:</u>

The parties both agree that the discovery should be conducted in phases. First, in Phase 1, Plaintiff would seek Court-authorization to identify Defendant's anonymous joint tortfeasors. After ascertaining that information, the parties could potentially enter into a stipulated judgment based on what was discovered in Phase 1. Should it be necessary, Phase 2 would consist of contacting and collecting information from Defendant's joint tortfeasors, likely including deposition testimony to ascertain the extent of Defendant's damages. Phase 2 would allow Plaintiff to further assess damages, and/or seek to join parties to this litigation, if appropriate. Should it be necessary, Phase 3 would enter into the usual discovery between Plaintiff and the then-named Defendants.

(3) <u>Changes to Limitations on Discovery Imposed under the Civil Rules:</u>

Neither party can foresee needing any changes to current limitations.

(4) <u>Timing of the Disclosure of Expert Witnesses; Information Required by Rule 26(a)(2):</u>

Parties have no objections to the timing set up in Rule 26(a)(2), but would simply ask that the Court understand that, should Phase 1 of the Joint Discovery Plan be successful, neither side will need expert witnesses in this case. Aside from technology experts, the only foreseeable experts would be related to Plaintiff's damages. Again, however, this is mere speculation at this time without knowing the identities of the joint tortfeasors.

(5) <u>Proposed Dates for Discovery Cut-Off:</u>

Parties believe it is pre-mature to make this proposal considering Plaintiff's anticipated request for court-authorized subpoenas to various Internet Service Providers ("ISP") to identify Defendant's joint tortfeasors who were identified by their Internet Protocol ("IP") address in swarms with Defendant. If the Court is speedy in returning a favorable ruling on Plaintiff's unopposed motion to identify these joint tortfeasors, both parties agree that a date of September 1, 2012, would be acceptable.

**(g) Proposed Date by Which all Non-Discovery Motions Should be Filed:**

Without knowing the identities and number of the co-conspirators, this request is unreasonable at this early stage. Should the Court require the make such a proposal, the parties would propose October 1, 2012.

**(h) Proposed Dates for Final Pretrial Conference and Trial:**

Without knowing the identities and number of the co-conspirators, this request is unreasonable at this early stage. Should the Court Should the Court require the make such a proposal, the parties would propose the following:

- Final Pretrial Conference: February 15, 2013.
- Trial Date: March 4, 2013.

///

///

(i) **Estimate of Days of Trial:**

Without knowing the identities and number of joint tortfeasors, this request is unreasonable at this early stage. Should the Court require the parties to guess, the parties would estimate 4 days.

(j) **Appropriateness of Special Procedure Such as Referral to Special Magistrate, etc:**

None that either party can envision.

(k) **Proposed Modifications of Standard Pretrial Procedures Due to Special Nature of the Case:**

None that either party can envision.

(l) **Related Case:**

Not applicable.

(m) **Prospect for Settlement:**

The parties are actively engaged in settlement negotiations and believe that settlement before trial is a realistic possibility.

(n) **Any Other Matters:**

The parties believe that a status conference is unnecessary. The parties believe that the Court has sufficient information from this Joint Report to issues a Pretrial (Status) Scheduling Order incorporating the suggestions from the parties contained herein. Further, both parties agree that this case can and will proceed efficiently and in a timely manner only if the Court allows Plaintiff to discover the identities of Defendant's co-conspirators. Plaintiff intends to file that discovery motion within a week. The motion is unopposed and will be filed after the Rule 26(f) planning conference, which has been reported here. Plaintiff will require court authorization merely because the ISPs that have issued the IP addresses to the joint tortfeasors require a court order before releasing such information under federal law.

Respectfully Submitted,

BOY RACER, INC.,

DATED: March 8, 2012

By: ____/s/ Brett L. Gibbs, Esq._____

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

PHILIP WILLIAMSON,

DATED: March 8, 2012

By: [signature]

Philip Willliamson
2819 E Street #2
Sacramento, California 95816
Pro Se Defendant