IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOY RACER, INC.,

       Plaintiff,                      No. 2:11-cv-03072 MCE KJN

       v.

PHILIP WILLIAMSON,

       Defendant.                   <u>ORDER</u>

_____/

       Presently before the court is the parties' "Stipulation To Shorten Time On Plaintiff's Motion For Discovery Of Identifying Information" (Stip. to Shorten Time, Dkt. No. 12), which seeks a hearing date of April 12, 2012, or "any other time prior to the current hearing date of [May] 10, 2012" in regards to plaintiff's pending motion for discovery (Mot. for Discov., Dkt. No. 11) from third party internet service providers ("ISPs").

       Defendant Philip Williamson ("defendant") has provided plaintiff Boy Racer, Inc., ("plaintiff") with a list of "joint tortfeasors" who allegedly wrongfully downloaded plaintiff's copyrighted work. (Mot. for Discov. at 1-2.) However, defendant's list identifies each of the alleged downloaders only by "a unique Internet Protocol ("IP") address, which corresponds to the date and time of infringing activity." (<u>Id.</u> at 2.) By way of its motion for discovery, plaintiff wishes to compel third party ISPs to comply with subpoenas requesting the identities of the

1

1 subscribers affiliated with the IP addresses on defendant's list.  (Id.)  Plaintiff's motion for
2 discovery was noticed for May 10, 2012, and is currently on calendar for that date.

3 According to the Stipulation to Shorten Time, plaintiff and defendant have agreed
4 that plaintiff's motion for discovery should be heard on shortened time.  (Stip. to Shorten Time at
5 1-3.)  According to the parties, there are "two practical arguments" for having the matter heard
6 on shortened time rather than as previously noticed.  (Id. at 2-3.)  "First, shortening time on this
7 motion will not be detrimental to the Court in its preparation for an April 12, 2012 motion
8 hearing.  As stated in the Motion, Defendant does not oppose Plaintiff's Motion for Discovery of
9 Identifying Information [and] [c]onsidering this, there is no need for Plaintiff to file a reply.  As
10 such, the Motion for Discovery of Identifying Information is currently ready for the Court to
11 review.  The Court has almost two weeks prior to the proposed April 12, 2012 hearing date to
12 become familiar with Plaintiff's motion."  (Id. at 2.)  "Second, both parties recognize that time is
13 of the essence with regard to the information requested in Plaintiff's Motion for Discovery of
14 Identifying Information [given that], [t]ypically, Internet Service Provider[s] keep log files of
15 subscriber activities for only limited periods of time before erasing the data.  While this is
16 entirely dependent on the specific storage policies of each Internet Service Provider — some
17 store for months, and others only for a matter of days — it is clear that the longer it takes for the
18 Court to rule [on] the Plaintiff[']s] Motion for Discovery of Identifying Information, the higher
19 the likelihood that some of the information requested will be automatically erased prior to the
20 Court's ruling."  (Id. at 2-3.)  In a nutshell, the parties seek to advance the hearing date by two
21 weeks so that plaintiff might, assuming a result favorable to plaintiff, obtain discovery from the
22 third party ISPs more expeditiously.

23 The request for an order shortening time is hereby denied without prejudice.
24 Neither of the parties' proffered reasons warrant shortening time in the manner the parties have
25 suggested.  First, that moving the hearing date would not, in the parties' view, cause any material
26 inconvenience to the court does *not* show that the matter warrants being treated with urgency.

1  Second, the parties predicate their request for shortened time on what third party ISPs *might* do
2  with their records, *not* a set of circumstances that presently exists.  The parties emphasize that
3  ISPs *may* frequently purge their records, making this a less-than-typical request for discovery (id.
4  at 2-3), but the parties have not compellingly demonstrated that the ISPs relevant to plaintiff's
5  motion are actually on the cusp of deleting records.  Indeed, *in every case*, there is a risk that
6  discoverable documents may be lost or destroyed with each passing day.  This potential is true
7  regardless of whether the discovery is sought from ISPs or others.  Simply put, the undersigned
8  will not advance the hearing date based on a hypothetical set of facts.[1]

9  Accordingly, upon review of the parties' Stipulation to Shorten Time, pursuant to
10  Eastern District Local Rule 144(e), IT IS HEREBY ORDERED that:

11  1. The parties' Stipulation to Shorten Time (Dkt. No. 12) is denied without
12  prejudice.

13  2. The undersigned shall hear plaintiff's motion for discovery (Dkt. No. 11),
14  as noticed, on his regular law and motion calendar on **May 10, 2012, at 10:00 a.m., in**
15  **Courtroom 25.**

16  IT IS SO ORDERED.
17  DATED:  April 5, 2012

19  _____
    KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

---

[1]  The court is aware that plaintiff's counsel has experience litigating cases involving discovery from ISPs, such that counsel may have specific information regarding the records retention policies of certain ISPs. If counsel can substantiate plaintiff's concerns about the records retention policies of third party ISPs *from whom plaintiff seeks discovery in this case*, counsel may refile a request for an order shortening time supported with a signed declaration specifying which of these ISPs, if any, will purge their records during the period prior to the date plaintiff's underlying discovery motion is set to be heard, and why maintaining the records until the matter can be heard cannot be accomplished through other means, such as an agreement with an ISP provider to maintain the particular records until the matter can be heard.

3