IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOY RACER, INC.,

     Plaintiff,          No. 2:11-cv-03072 MCE KJN

    v.

PHILIP WILLIAMSON,

     Defendant.        ORDER

         Presently before the court is plaintiff's unopposed Motion for Discovery of Identifying Information, which seeks an order compelling non-party internet service providers ("ISPs") to respond to plaintiff's third-party subpoenas despite the fact that the record supports that: (1) plaintiff has not actually served any such subpoenas on any ISP pursuant to Federal Rule of Civil Procedure 45; and (2) no ISP has moved to quash or otherwise objected to a third-party subpoena or the discovery sought.[1]  Because oral argument would not materially aid the resolution of the pending motion, this matter is submitted on the briefs and record without a hearing.  See Fed. R. Civ. P. 78(b); E. Dist. Local Rule 230(g).  In short, the undersigned denies plaintiff's motion as prematurely filed, as no actual dispute is presently before the court.

---

[1] This matter was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

Plaintiff commenced this copyright infringement case against "John Doe," alleging that unknown defendants, one of whom was associated with a specific Internet Protocol ("IP") address, were infringing on plaintiff's copyrighted works through use of a peer-to-peer file sharing or distribution network. (See Compl. ¶¶ 1-2, 5.) Plaintiff subsequently filed an Amended Complaint that names Philip Williamson as the only defendant, but which still alleges a civil conspiracy among Williamson and multiple unknown co-conspirators (Dkt. No. 7).

Williamson filed an answer to plaintiff's Amended Complaint (Dkt. No. 9) in which Williamson admits to the willful infringement of plaintiff's copyrights, as well as his participation in the alleged conspiracy. (See, e.g., Am. Compl. ¶¶ 28-33, 35-39.) It appears that the parties have already conducted their discovery conference pursuant to Federal Rule of Civil Procedure 26(f), as they filed a Joint Case Management Conference Report and Rule 26(f) Discovery Plan on March 9, 2012 (Dkt. No. 10).

On March 29, 2012, plaintiff filed its Motion for Discovery of Identifying Information. It is motion, plaintiff represents that although it was able to identify Williamson as an infringer of its copyrights, it is presently unable to identify the actual name of any of Williamson's "joint tortfeasors." (See Hansmeier Decl. ¶ 20.) However, plaintiff asserts that it has compiled a list of unique IP addresses associated with the alleged co-conspirators at the time of the alleged infringement, as well as the ISPs associated with those IP addresses. (Id. ¶ 20, 25-26 & Ex. A.) Through its motion for discovery, plaintiff seeks an order that compels the non-party ISPs to comply with subpoenas requesting the identities of the subscribers affiliated with the IP addresses on defendant's list of IP addresses.

The court denies plaintiff's motion in two respects. First, plaintiff's motion suggests that it is seeking leave from the court to conduct "immediate" third-party discovery. (See Mot. for Discovery at 1.) To the extent that plaintiff seeks immediate or expedited discovery, the court denies plaintiff's motion as moot. The parties have already conducted their Rule 26(f) discovery conference, and, therefore, plaintiff may commence discovery without leave

of court. See Fed. R. Civ. P. 26(d) (stating that with certain exceptions, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)").

Second, the court denies plaintiff's motion for an order compelling the non-party ISPs' compliance with yet-to-be-served subpoenas as prematurely filed. Plaintiff's motion does not suggest that it has served subpoenas on any of the non-party ISPs seeking the identities of the subscribers associated with the IP addresses identified as being engaged in alleged acts of copyright infringement. Furthermore, the motion does not suggest that plaintiff has informally requested, and been refused, such information from any ISP. Nevertheless, plaintiff seeks an order *compelling compliance* with subpoenas that have not actually been served, i.e., plaintiff seeks an order compelling compliance with a discovery obligation that does not actually exist. Plaintiff offers arguments in support of its contentions that the discovery sought is relevant; not overly burdensome; and does not prejudice certain "anonymous speech interests." (See Mot. for Discovery at 4-10.) But plaintiff's discussion is entirely premature, as plaintiff has not served any Rule 45 subpoenas. And as one might logically expect, the record does not suggest that any ISP has moved to quash any subpoena or otherwise objected to the production of the information sought by plaintiff. The court will not assess the merits of, or provide an advisory opinion addressing, plaintiff's one-sided arguments when no subpoena has even been propounded or challenged.

The court briefly addresses plaintiff's passing and factually unsupported argument that "many of the ISPs are 'cable providers' within the meaning of 47 U.S.C. § 551(c)(2)(B) and a 'court order' is required to compel a 'cable provider' to disclose the identity of its subscribers under that statute."[2] (Mot. for Discovery at 2.) Plaintiff's argument is flawed or incomplete for at least two reasons. First, plaintiff has not specifically identified which ISPs at issue are actually

---

[2] In relevant part, 47 U.S.C. § 551(c)(2)(B) provides that a cable operator may disclose personally identifiable information concerning a subscriber if the disclosure is "made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed."

1 | "cable operators" as defined in 47 U.S.C. § 522(5); plaintiff's brief argument is unsupported by
2 | any specific or substantiated facts.  Thus, even if plaintiff's argument were otherwise well-taken,
3 | the court would be unable to fashion an appropriate order tailored only to the ISPs that are cable
4 | operators.  But in any event, and as discussed above, no discovery subpoena is presently awaiting
5 | a response.  Accordingly, plaintiff's argument does not warrant an *ex ante* order compelling
6 | compliance with subpoenas that have not been served.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Discovery of Identifying Information (Dkt. No. 11) is submitted without a hearing, and the May 10, 2012 hearing on plaintiff's motion is VACATED.

2. Plaintiff's Motion for Discovery of Identifying Information is denied.

IT IS SO ORDERED.

DATED: April 30, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE